PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE, WSBA No. 32245
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration
MARCELO ILLARMO (MABN 670079)
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8944
    Facsimile: (415) 744-0134
    Email: Marcelo.Illarmo@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY BERNSHAUSEN,<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant | Case No. 2:21-cv-01520-DMC<br><br>**STIPULATION AND ORDER FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)** |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff shall be awarded attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d), in the amount of four thousand six hundred seventy-seven dollars and twenty cents ($4,677.20) and no costs under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d). Accordingly, should this Court award fees and expenses under EAJA pursuant to this stipulation, Plaintiff's motion for attorney fees (ECF 24) would be moot.

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of any assignment of EAJA fees by Plaintiff to his counsel Jesse Kaplan (Counsel). Pursuant

to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Counsel pursuant to an assignment executed by Plaintiff. Any payments made shall be delivered to Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel, including his firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA .

Respectfully submitted,

Dated: November 3, 2022

By: */s/ Jesse Kaplan\**
JESSE KAPLAN
 *\*By email authorization on 11/1/22*
Attorney for Plaintiff

Dated: November 3, 2022        PHILLIP A. TALBERT
United States Attorney

By: */s/ Marcelo Illarmo*
MARCELO ILLARMO
Special Assistant United States Attorney

Stip. and Prop. Order for Fees        E.D. Cal. 2:21-cv-01520-DMC

1

2      Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act

3  Fees, Costs, and Expenses, **IT IS ORDERED** that fees and expenses in the amount of $4,677.20 as authorized by 28 U.S.C. § 2412, and no costs as authorized by 28 U.S.C. § 1920, be awarded subject

4  to the terms of the Stipulation.  Furthermore, Plaintiff's motion for attorney fees (ECF 24) is denied as moot.

5

6  Dated:  November 7, 2022

7  _____
DENNIS M. COTA

8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stip. and Prop. Order for Fees        E.D. Cal. 2:21-cv-01520-DMC